IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-02080-LTB-BNB

AMELIA NIETO DE ACOSTA,

        Plaintiff,

v.

BLACK HAWK/JACOBS ENTERTAINMENT, LLC, doing business as Lodge Casino, The

        Defendant.
_____

ORDER
_____

This matter is before me on Defendant's Motion to Dismiss Plaintiff's Third Cause of Action [**Doc # 4**] in which the Defendant, Black Hawk /Jacobs Entertainment, LLC, doing business as The Lodge Casino ("The Lodge"), seeks dismissal of the Third Cause of Action in the complaint filed against it by Plaintiff, Amelia Nieto De Acosta, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I GRANT the motion.

**I. Background**

Plaintiff was employed by The Lodge from September 20, 1999 until her termination on July 27, 2009, as a Housekeeper and/or Casino Steward. Plaintiff subsequently filed this lawsuit in which she alleges discrimination in that her termination violated: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (First Cause of Action); the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (Second Cause of Action); and the Age Discrimination in

Employment Act (the "ADEA"), 29 U.S.C. § 621, *et. seq* (Third Cause of Action). In response, The Lodge filed this motion seeking dismissal of Plaintiff's Third Cause of Action for violation of the ADEA on the basis that her complaint failed to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). A complaint will survive dismissal if it alleges a plausible claim for relief – that is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

## III. Analysis

As relevant here, Plaintiff's complaint avers that The Lodge "wrongfully and unlawfully discharged her in violation of the Age Discrimination in Employment Act." The factual allegations supporting this assertion are that Plaintiff is 65 years old, born in 1945, and "[w]hile [she] was under the supervision of Jacobo Gonzales she was subjected to offensive comments

referencing her age."

In this motion, The Lodge argues that these factual allegations – that Plaintiff is 65 years, and was subject to offensive comments about her age by a co-worker – are insufficient to state a plausible claim for relief under the ADEA. It asserts that the complaint includes no factual allegations that provide a causal link between Plaintiff's age and her termination. The allegations that a co-worker made offensive remarks to her, referencing her age, does not relate to her termination – which is the alleged discriminatory action. As such, it is The Lodge's argument that Plaintiff's complaint does not sufficiently allege facts to support a plausible claim of discriminatory termination under the ADEA.

In response, Plaintiff asserts that her complaint alleges sufficient factual allegations to state a claim. She argues that she has alleged violation of the ADEA, and provided the citation of that statute, and that she alleges that she is 65 years only, was born in 1945, and 'was subjected to offensive comments referencing her age." Plaintiff maintains that all that is required is a short and plain statement of the claim, pursuant to Fed. R. Civ. P. 8(a), with sufficient factual allegations that make such a claim plausible, as required by *Bell Atl. Corp. v. Twombly*, *supra*.

The Tenth Circuit has interpreted the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, *supra*, as middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins v. Oklahoma*, *supra*, 519 F.3d at 1247 (*quoting Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555). Thus, "plausibility" means that the "allegations must be enough that, if assumed to be true, the plaintiff

plausibly (not just speculatively) has a claim for relief." *Id.*

The purpose of a plausibility requirement is "not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, *supra*, 519 F.3d at 1244. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (*quoting Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 556 fn. 3). In *Bell Atlantic Corp. v. Twombly,* the Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 550 U.S. at 565 fn. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

Here, the complaint is devoid of factual allegations to support an inference that Plaintiff's termination was in any way because of or due to her age. *See Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1277 (10th Cir. 2010)(noting that an ADEA plaintiff is required to show that age had a "determinative influence on the outcome" of her employer's decision-making process)(*quoting Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). While the complaint alleges that Plaintiff was subjected to offensive comments referencing her age "while under the supervision of Jacobo Gonzales," it does not indicate that he was in any way involved in the termination decision or, more importantly, that the decision was somehow related to her age. I agree with The Lodge that the complaint provides no facts that would create a causal link between her age and the decision to terminate her employment. As a result, while Plaintiff's that her complaint need not plead facts to establish a *prima facie*

case of age discrimination – *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) – it fails to assert sufficient factual allegations to apprise or inform The Lodge "of the actual grounds of the claim against them." *Robbins v. Oklahoma*, *supra*, 519 F.3d at 1244. *See e.g. Sprague v. Kasa Indus. Controls, Inc.,* 250 F.R.D. 630, 633-34 (D.Kan. 2008) (dismissing an ADEA discrimination claim under Fed. R. Civ. P. 12(b)(6) when the only supporting allegations were that: the plaintiff was fifty-six years old at the time of her termination, the defendant terminated her because of her age, that certain representatives of defendant were aware of her age, and that she suffered damages); *Markham v. Salina Concrete Products, Inc.,* 2010 WL 5093769, 4 (D.Kan. 2010)(unpublished)(ruling that the plaintiff's allegations supporting his ADEA claim – that he was in the protected age group and that two other younger employees were not terminated – were insufficient as they merely recited the elements of the cause of action).

### IV.  Amended Complaint

I note that in her response to this motion, Plaintiff requests – without any further argument or citation to legal authority – that I "grant her leave to amend her Complaint." I note that there is no pending motion and that Plaintiff has provided me with no basis for the proposed amendment. *See Hall v. Witteman,* 584 F.3d 859, 868 (10th Cir. 2009)(ruling that without "adequate notice to the district court and to the opposing party of the basis of the proposed amendment" a district court is not required to recognize, let alone grant, a motion to amend) (*quoting Calderon v. Kan. Dep't of Social & Rehab. Servs.,* 181 F.3d 1180, 1186-87 (10th Cir. 1999)).

ACCORDINGLY, I GRANT Defendant's Motion to Dismiss Plaintiff's Third Cause of Action [**Doc # 4**] and, as such, I DISMISS Plaintiff's Third Cause of Action for Violation of The Age Discrimination in Employment Act.

Dated: February   9  , 2011 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock  
                                            LEWIS T. BABCOCK,  JUDGE